# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF
# MICHIGAN SOUTHERN DIVISION

**BRIAN MENGE**

*Plaintiff,*

—against—

**CITY OF HIGHLAND PARK**, *a municipal corporation, Council persons* **KHURSHEED ASH-SHAFII**, **COUNCILMAN SHARMAINE ROBINSON, TEMEKO MANICA, KALLEL MARTIN**, and Council **PRESIDENT JAMAL K. THOMAS**, *in their official capacities as members of the Highland Park City Council and individually* and **HUBERT YOPP**, *an individual*.

*Defendants*.

Hon. George Caram Steeh
Case No. 2:23-cv-11339

ROBIN H. KYLE P33330
*Attorney for Plaintiff Brian Menge*
8120 E. Jefferson Ave. Suite 3E
Detroit, Michigan 48214
Off. 313-469-7322
Cell: 313-492-2691
robinhkyle@comcast.net
jcdrhk@msn.com

A prior resolved action between the parties involving the same series of transactions, occurrences and events was filed in this court and was assigned to the Honorable Mark A. Goldsmith, and assigned Case No. 21-cv-10152.

    /s/ Robin H. Kyle
Robin H. Kyle

1

# PLAINTIFF'S FIRST AMENDED COMPLAINT & DEMAND
# FOR TRIAL BY JURY

**NOW COMES** the Plaintiff, Brian Menge, by and through his undersigned attorney Robin H. Kyle and for his Complaint against Defendants states as follows:

## PARTIES

1. Plaintiff was at all relevant times herein alleged an individual who resided in the city of Taylor, County of Wayne and State of Michigan. Plaintiff is a former police detective formerly employed with the Defendant's police depart- ment. Plaintiff was hired by Defendant on July 18, 2014 and was promoted to the rank of detective on October 8, 2014.

2. Defendant **CITY OF HIGHLAND PARK** is a municipal corporation exercising its functions within the boundaries of the city of Highland Park, Michigan in the County of Wayne.

3. Defendant Councilman **KHURSHEED ASH-SHAFI**, is a duly elected member of the Highland Park City Council, and is a policy maker of said municipality.

4. Defendant Councilman **SHARMAINE ROBINSON**, is a duly elected member of the Highland Park City Council, and is a policy maker of said municipality.

5. Defendant Councilman **TEMEKO MANICA**, is a duly elected member of the Highland Park City Council, and is a policy maker of said municipality.

6. Defendant Councilman **KALLEL MARTIN**, is a duly elected member of the Highland Park City Council, and is a policy maker of said municipality.

7. Defendant Council President **JAMAL K. THOMAS**, is a duly elected member of the Highland Park City Council and is President of said City Council, and is a policy maker of said municipality.

8. Defendant **HUBERT YOPP** is an individual who at all relevant times resided in the City of Highland Park and is the former Mayor of said Defendant City of Highland Park.

## JURISDICTION

9. This matter is properly within the jurisdiction and venue of The United States District Court for the Eastern District of Michigan, Southern Division. This action involves a claim arising under the United States Constitution and laws of the United States and-also involves state claims of which this Court should exercise pendent jurisdiction.

10. This action involves *inter-alia*, claims under 42 U.S.C. §1983, and deprivation of Plaintiff's constitutional rights to free speech under the First Amendment and to petition the government for grievances under the First

Amendment of the United States Constitution. This Court is therefore vested with proper subject matter jurisdiction pursuant to 28 USC §1343(a)(3), 28 USC § 1331 and 28 USC § 1367.

## GENERAL ALLEGATIONS

11. Plaintiff at all relevant times had a liberty and substantive interest and right to petition the government for redress of grievances under the First Amendment of the United States Constitution.

12. Plaintiff at all relevant times had the right under the Petition Clause of the First Amendment of the United States Constitution, to petition the government for redress of grievances through the formal mechanism of filing a lawsuit.

13. Plaintiff at all relevant times also had the right under First Amendment of the United States Constitution, to free speech on matters of public concern.

14. Plaintiff's speech at all relevant times related to matters of public concern, to wit: enforcement of statutory rights under the Veterans Protection Act, MCL §35.4012, enforcement of statutory rights under the ADEA 26 U.S.C. § 621 and the First Amendment right to give truthful testimony against Defendants as a subpoenaed witness.

15. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *New York Times Co.* v. *United States*, 403 U.S. 713, 719; 91 S. Ct. 2140 (1971).

**16.** Defendant's conduct and constitutional violations under 42 U.S.C. §1983, are both procedural due process and substantive due process constitutional violations, based on official conduct which shocks the conscience and "may not take place no matter what procedural protections accompany them" *Wilson v.Beebe* 770 F.2d 578, 587 (6th Cir. 1985).

## FACTS

**17.** Plaintiff restates and re-alleges, as if fully incorporated herein, each- and every allegation in ¶¶ 1 -16, *supra*.

**18.** Plaintiff was at all relevant times engaged in constitutionally protected conduct, and conduct protected under state law, including, free speech, giving truthful testimony and petitioning the government for redress of grievances through the formal mechanism of filing a lawsuit in this Court against Defendant City of Highland Park.

**19.** On January 22, 2021, Plaintiff filed a complaint against the Defendant City of Highland Park, alleging, *inter-alia,* violation of his statutory rights under the Veterans Protection Act, MCL §35.4012, and enforcement of statutory rights under the ADEA 26 U.S.C. § 621, violation of Plaintiff's rights under 42 U.S.C. §1983, and violation of Plaintiff's First Amendment right to give truthful testimony against Defendants as a subpoenaed witness. See Civil No. 21-cv-10152, ECF 1.

**20.** Subsequently, on December 2, 2022, Plaintiff and Defendant City of

Highland Park agreed to a monetary settlement of Civil No. 21-cv-10152, signed a settlement agreement and the Court entered a stipulated order of dismissal. See Civil No. 21-cv-10152, ECF 74.

21. On April 3, 2023, the Defendants council members conducted a city council meeting pursuant to the City of Highland Park City Charter Sec 5-3.

22. The aforesaid city council meeting was conducted in the official, established Council Chamber pursuant to City Charter Sec 5-3 and said council meeting was broadcasted live on local television, the internet and local radio.

23. During the aforesaid council meeting, Defendant members of the city council publicly stated that Plaintiff stole or misappropriated forfeiture funds from the Highland Park Police Department.

24. The public statements by Defendants, referenced in ¶23 above were and are knowingly false, defamatory, and slanderous.

25. During the aforesaid council meeting, Defendant members of the city council publicly stated that Plaintiff was fired from his employment with the Highland Park Police Department.

26. During the aforesaid council meeting, Defendant members of the city council publicly stated that Plaintiff was fired from his employment with the Highland Park Police Department, after receiving a million-dollar settlement from the Defendant City of Highland Park.

27. The public statements by Defendants, referenced in ¶¶ 23, 25 and 26,

above were and are knowingly false, defamatory, and slanderous.

28. There was not at the time Defendants published the aforesaid knowingly false, defamatory, and slanderous statements alleged in ¶¶ 23, 25 and 26, any factual basis whatsoever for the slanderous and defamatory statements and the slanderous statements were intentionally and/or recklessly and collectively published by Defendants with full knowledge of their falsity.

29. During the aforesaid council meeting, Defendant Khursheed Ash-Shafii, publicly stated that Plaintiff was "caught stealing from" the Highland Park Police Department.

30. The public statements by Defendants, referenced in ¶¶ 23, 25, 26, and 29 above were and are knowingly false, defamatory, and slanderous.

31. During the aforesaid council meeting, Defendant Khursheed Ash-Shafii, publicly stated that Plaintiff "was no good then and is no good now," and "if you watch the police and fire commission meeting about a week and a half ago, you will know the officer I'm talking about."

32. The public statements by Defendants, referenced in ¶¶ 23, 25, 26, 29 and 31 above were in reference to Plaintiff, and are knowingly false, defamatory, and slanderous.

33. During the aforesaid council meeting, Defendant Khursheed Ash-Shafii, was asked by the Mayor McDonald if he had "any evidence" that Plaintiff Menge "stole" from the Highland Park Police Department fund to

which Defendant Khursheed Ash-Shafii, publicly stated "I have evidence of that."

34. During the aforesaid council meeting, Defendant Khursheed Ash-Shafii further publicly stated that the evidence was "given to me by the former administration, if you would like to have it." Said Defendant Councilman Khursheed Ash-Shafii further publicly stated that he had evidence of Plaintiff stealing from the City of Highland Park.

35. Defendant Councilman Khursheed Ash-Shafii also publicly stated and placed on social media including Facebook, that Plaintiff Menge "was fired" and "sue the city he received half a million dollar $500,000 settlement."

36. The public statements by Defendant Councilman Khursheed Ash-Shafii referenced in ¶¶ 33, 34, and 35 above were and are knowingly false, defamatory, and slanderous.

37. On or about March 29, 2023, former Mayor of Highland Park Hubert Yopp made and published to Highland Park Police Chief James McMahon the knowingly malicious, false, and slanderous statement that Plaintiff Menge was "keeping forfeiture money," belonging to the Highland Park Police Department forfeiture fund.

38. The published statements by Defendant Hubert Yopp, referenced in paragraph 37 above was and is a knowingly false, defamatory, and slanderous,

statement.

39. On or about April 8, 2023, and again on April 19, 2023, Plaintiff through his undersigned counsel, pursuant to MCL §600.2911(b), demanded of Defendants City of Highland Park and its Councilmembers, in writing, public retractions of the false and defamatory statements herein alleged.

40. As of the date of the filing of the within Complaint, the Defendants City of Highland Park, and Defendant Councilmembers, have failed, neglected, and refused to retract the defamatory and libelous statements and publications against Plaintiff as herein alleged.

41. The actions and publication of libelous, slanderous statements by Defendants are in retaliation against Plaintiff for his filing and securing a settlement from Defendant in Case No. 21-cv-10152, in this Court.

42. Defendants' collective refusal to retract the libelous, slanderous statements by Defendants are in further retaliation against Plaintiff for his filing and securing a settlement from Defendant in Case No. 21-cv-10152.

43. The adverse retaliatory actions taken by Defendants against Plaintiff were motivated by Plaintiff's protected conduct including free speech and Plaintiff's filing and prosecution of Civil Action 21-cv-10152, against Defendant, in this Court.

44. Defendants were fully aware of Plaintiff's engagement in constitutionally protected conduct including Plaintiff's free speech and Plaintiff's

filing and prosecution of Civil Action 21-cv-10152, against Defendant, in this Court, when Defendants retaliated against, slandered and defamed Plaintiff.

45. This case involves intentional, procedural, and substantive violations of Plaintiff's constitutional First Amendment right of free speech on matters of public concern.

46. This case involves intentional, procedural, and substantive violations by Defendants of Plaintiff's liberty and substantive interest and right to petition the government for redress of grievances under the First Amendment of the United States Constitution.

47. The constitutional violations herein alleged are not merely an action taken as-a result of a random unauthorized act by Defendants.

48. This case involves intentional, procedural, and substantive violations of Plaintiff's constitutional rights under the First Amendment as hereinbefore alleged.

49. The discriminatory treatment against Plaintiff was intentional, severe, pervasive conduct.

50. By virtue of the premises herein alleged Defendants violated Plaintiff's Frst Amendment constitutional rights to freedom of speech, and to petition the government for redress of grievances freely without government retaliation.

51. The constitutional rights violated by Defendant as herein alleged were,

clearly established at the time of Defendant's wrongful acts.

52. Defendants were not engaged in a discretionary function when Defendants committed the discriminatory, unlawful acts alleged herein violating Plaintiff's constitutional rights.

**DEFENDANT'S DECISION,
POLICY, CUSTOM & PRACTICE**

53. Defendants City Council Collectively and Council members individually have implemented a decision, policy of punishing successful litigants who redress their grievances against Defendant City of Highland Park, through the formal process of filing suit.

54. Defendant City Council and its members possess final legislative power and authority for the Defendant City and Defendants herein are-in charge of establishing and implementing municipal policy and decisions respecting the Defendant municipality. See HP CHARTER Chapters 5 & 6.

55. Defendant Council Members are the chief legislative officers and body of the Defendant municipality and as such determine Defendant's policies and decisions both written and unwritten

56. Defendant's policy, decision of retaliation against litigants who sue Defendant is unwritten.

57. Defendant's policy, decision of retaliation against police officers who testify against and/or sue Defendant, was implemented by Defendant Council and

its Members against Plaintiff.

58. Defendant Council Members were the final decision makers in Defendant's retaliatory actions against Plaintiff, as herein alleged.

59. Defendant's City Council is the official body that is legally responsible for exercising all legislative powers of the Defendant municipality and in that capacity implemented its unconstitutional decision and policy and unconstitutional acts against Plaintiff as hereinbefore alleged.[1]

60. Defendant municipality made a deliberate choice to follow a specific course of action of retaliation against Plaintiff, falsely and slanderously labeling Plaintiff as a thief of municipal drug forfeiture funds.

61. The Defendant municipality's actions unquestionably constitute acts of official Defendant government policy and are actions of the Defendant municipality.

62. The actions of the Defendant Council Members as herein alleged including slandering Plaintiff at official council meetings are "edicts or acts [that] may fairly be said to represent Defendant Municipality's official policy" and has inflicted Plaintiff's injuries, which makes Defendant municipality responsible under §1983. *Pembaur v. Cincinnati*, 475 U.S. 469, 480 n.8 (1986).

63. Defendant Municipality's policy may be premised upon "the policy

---

[1] In *Pembaur v. Cincinnati*, 475 U.S. 469, 470 FN11(1986), the Supreme Court held "a policy authorizing an unconstitutional act can be established by a single decision by proper municipal policymakers."

which ordered or authorized an unconstitutional act" which "can be established by a single decision by proper municipal policymakers," such as Defendant City Council and/or its Members. *Pembaur v. Cincinnati*, 475 U.S. 469, 484 n.11 (1986), citing *Monell v. New York City Dept. of Social Services,* 436 U.S. at 691.

64. Defendant Municipality has purposefully caused a constitutional tort through the decisions and actions of its city council which is given the final municipal authority to make decisions for Defendant, pursuant to the city charter.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983

65. Plaintiff hereby re-alleges and incorporate by reference the allegations contained in ¶¶ 1 through 64 as if fully re-stated herein.

66. By virtue of the premises as hereinbefore alleged Defendants areguilty of violation of the Plaintiff's First Amendment rights of free speech and to petition the government for redress of grievances under the United States Constitution and Defendants are liable to Plaintiff for damages including punitive damages under state law and-also pursuant to 42 U.S.C. §1983.

67. By virtue of the premises as hereinbefore alleged, Defendants are guilty of punishing Plaintiff in retaliation for his exercise of his constitutional rights under the First Amendment as herein alleged.

68. Defendants are liable to Plaintiff for damages including punitive damages pursuant to 42 U.S.C. §1983.

**69.** By virtue of the premises hereinbefore alleged Defendants have violated and deprived Plaintiff of his liberty rights protected by the Due Process Clause under the First and Fourteenth Amendments of the United States Constitution.

**70.** Nevertheless, there is no process or procedure that could legally justify Defendants depriving Plaintiff of his First Amendment Constitutional Rights as herein alleged.

**71.** Plaintiff's rights as herein alleged are implicit in the concept of ordered liberty and are protected by the due process clause of the Fourteenth Amendment.

**72.** By the virtue of the premises herein alleged Defendants retaliated against Plaintiff for his exercising his rights under the First Amendment to Free Speech and to Petition the Government for redress of grievances and are liable to Plaintiff for damages, therefore.

**RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court will enter judgment in his favor and against Defendants for whatever sum of money in-excess of $1,000.000.00 (One Million Dollars) to which Plaintiff is found to be lawfully entitled plus awarding Plaintiff costs, attorney fees, equitable relief, and punitive damages of $1,000.000.00 (One Million Dollars), and awarding whatever other relief and whatever remedies to which Plaintiff is lawfully and/or equitably

entitled.

## COUNT II
## SLANDER & DEFAMATION

72. Plaintiff hereby re-alleges and incorporate by reference the allegations contained in ¶¶ 1 through 72 as if fully re-stated herein.

73. By virtue of the premises as hereinbefore alleged, Defendants are guilty of libel and slander against Plaintiff and are liable to Plaintiff for damages, including punitive damages, therefore.

74. Prior to filing the within lawsuit and pursuant to MCL §600.2911(b), Plaintiff through his undersigned counsel and in writing, demanded a full retraction from Defendants of the false, libelous, and slanderous statements herein alleged and notwithstanding said statutory demand Defendants have failed neglected and refused to retract their false, libelous, and slanderous statements pertaining to Plaintiff and are therefore liable to Plaintiff pursuant to state statute for punitive and compensatory damages.

## RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court will enter judgment in his favor and against Defendants for whatever sum of money in-excess of $2,000.000.00 (Two Million Dollars) to which Plaintiff is found to be lawfully entitled plus awarding Plaintiff costs, attorney fees, equitable relief, and punitive damages of $2,000.000.00 (Two Million Dollars), and awarding whatever

other relief and remedies to which Plaintiff is lawfully and/or equitably entitled.

Dated: June 15, 2023

By: *Robin Kyle*
Robin H. Kyle (P-33330)
Attorney for Plaintiff Brian Menge
8120 E. Jefferson Ave. Suite 3E
Detroit, Michigan 48214
Cell: 313-492-2691
Office: 313-469-7322
robinhkyle@comcast.net
jcdrhk@msn.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF
# MICHIGAN SOUTHERN DIVISION

**BRIAN MENGE**

    *Plaintiff,*

—*against*—

                                                   Hon. George Caram Steeh
                                                 Case No. 2:23-cv-11339

**CITY OF HIGHLAND PARK**, *a municipal corporation,* Councilman **KHURSHEED ASH-SHAFII**, **COUNCILMAN SHANNAINE ROBINSON**, *Councilman* **TEMEKA MANICA, COUNCILMAN I KA UELA MARTIN**, Council **PRESIDENT JAMAL K. THOMAS**, *in their official capacities as members of the Highland Park City Council and individually* and **HUBERT YOPP**, *an individual*.

*Defendants*.

## **JURY DEMAND**

Now Comes the plaintiff by and through his undersigned attorney and hereby demands a trial by jury on all issues so triable in the above captioned matter.

Dated: June 15, 2023                         By: *Robin Kyle*
                                                        Robin H. Kyle (P-33330)
                                                        Attorney for Plaintiff Brian Menge
                                                        8120 E. Jefferson Ave. Suite 3E
                                                        Detroit, Michigan 48214
                                                        Cell: 313-492-2691
                                                         Office: 313-469-7322
                                                         robinhkyle@comcast.net
                                                         jcdrhk@msn.com