UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MENGE,

        Plaintiff,

      v.

Case No. 23-11339

Hon. George Caram Steeh

CITY OF HIGHLAND PARK,
*et al.,*

        Defendants.

_____/

## ORDER GRANTING DEFENDANT YOPP'S MOTION TO DISMISS (ECF NO. 20)

Before the court is Defendant Hubert Yopp's motion to dismiss, which has been fully briefed. For the reasons explained below, Defendant's motion is granted.

## BACKGROUND FACTS

Plaintiff Brian Menge filed this action against the City of Highland Park, various City Council members, and Hubert Yopp, the former Mayor. Plaintiff alleges that Defendants retaliated against him for filing a previous lawsuit against the City, which settled. *See* Case No. 21-10152 (E.D. Mich.). At a city council meeting on April 3, 2023, the Defendant council members allegedly made defamatory statements about Plaintiff, including that he stole or misappropriated forfeiture funds from the Highland Park

- 1 -

Police Department. One of the council members stated that he had evidence of this "given to me by the former administration." ECF No. 4 at ¶ 34. The complaint further alleges that Defendant Yopp told the Highland Park Police Chief that Plaintiff was "keeping forfeiture money" belonging to the Highland Park Police Department forfeiture fund. ECF No. 4 at ¶ 37. Plaintiff alleges that this statement was knowingly false and defamatory and that it was made in retaliation for the filing of Case No. 21-10152. His complaint sets forth two counts: Count I, violations of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983; and Count II, defamation.

<u>LAW AND ANALYSIS</u>

I.    <u>Standard of Review</u>

Defendant Yopp seeks dismissal of the claims against him. To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto*

- 2 -

*Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

II.   Claims under 42 U.S.C. § 1983

A plaintiff may bring a claim under 42 U.S.C. § 1983 when he is deprived "of any rights, privileges, or immunities secured by the Constitution and laws," as a result "of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. A plaintiff must demonstrate that (1) he was deprived of a constitutional right; and (2) that deprivation occurred under color of state law. *Id.*

Defendant Yopp is the former mayor of Highland Park and a private individual. It is well settled that liability under § 1983 is premised on state action and that a private person, acting on his own, cannot deprive a citizen of constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). "However, a private entity can be held to constitutional standards when its actions so approximate state action that they may be fairly attributed to the state." *Id.* In determining whether a private entity or person's actions may be fairly attributable to the state, the Sixth Circuit applies the following tests: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and the

- 3 -

entwinement test. *Id.; Marie v. Am. Red Cross*, 771 F.3d 344, 362 & n.6 (6th Cir. 2014).

Plaintiff does not allege that any of these tests are met here, but argues that "[i]f Defendant knowingly made false slanderous allegations to government officials who joined publishing the slander, Defendant is a state actor." ECF No. 22 at PageID 198. For this proposition, Plaintiff cites *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), which described a "joint action" test: "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *Id.* at 941 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)). The rule discussed in *Lugar* is expressly limited, however, "to the particular context of prejudgment attachment." *Lugar*, 457 U.S. at 939 n.21; *Revis v. Meldrum*, 489 F.3d 273, 289-90 (6th Cir. 2007) ("Later decisions by this court have expressly declined . . . to extend the relatively low bar of *Lugar*'s so-called 'joint action' test outside the context of challenged prejudgment attachment or garnishment proceedings."). Therefore, *Lugar* does not support a finding of state action here.

- 4 -

Another avenue for establishing that a private person is acting under color of state law is through the allegation of a conspiracy to violate constitutional rights. "[C]laims of conspiracies between private and state actors, if adequately alleged, generally suffice to establish state action on the part of the private actors for the purpose of deciding a motion to dismiss." *Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 512 (6th Cir. 2020). However, Plaintiff does not allege a conspiracy claim here.

Plaintiff's complaint does not allege conduct on the part of Defendant Yopp that could be fairly attributed to the state. Accordingly, Plaintiff has not stated a § 1983 claim against Defendant Yopp.

III.   <u>Defamation</u>

Defendant Yopp also seeks dismissal of Plaintiff's defamation claim. "Where a defendant's statements are not protected by the First Amendment, a plaintiff can establish a defamation claim by showing (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod)." *Kevorkian v. Am. Med. Ass'n*, 237 Mich. App. 1, 8-9, 602 N.W.2d 233, 237 (1999). Plaintiff

alleges that Defendant Yopp falsely told the Highland Park Police Chief that Plaintiff was "keeping forfeiture money." Such allegations of theft are actionable as defamation per se. *See Burden v. Elias Bros. Big Boy Restaurants*, 240 Mich. App. 723, 727-28, 613 N.W.2d 378, 381 (2000) ("At common law, words charging the commission of a crime are defamatory per se, and hence, injury to the reputation of the person defamed is presumed to the extent that the failure to prove damages is not a ground for dismissal.").

Defendant argues that the statement is not actionable because he was appropriately reporting a crime to the police. Indeed, "statements made to the police regarding criminal activity are absolutely privileged and therefore immune from suit for defamation." *Eddington v. Torrez*, 311 Mich. App. 198, 200, 874 N.W.2d 394, 396 (2015). Such statements are not actionable "even if the reporting party made the report maliciously." *Id.* at 202. Thus, Defendant Yopp's statement to the police chief that Plaintiff was "keeping forfeiture money" is absolutely privileged under Michigan law, even if the statement was falsely and maliciously made. *Id.* Plaintiff cannot base a defamation claim on this statement.

Plaintiff does not allege any other statements attributable to Yopp in the complaint. In his response brief, he contends that "Defendant

- 6 -

Councilman Ash-Shafii publicly stated that the source of his information that Plaintiff stole drug forfeiture money was Defendant." ECF No. 22 at PageID 199. The complaint does not specifically identify Yopp as the source of this information; rather, Ash-Shafii allegedly stated that the evidence was "given to me by the former administration." ECF No. 4 at ¶ 34. Because the complaint does not attribute unprivileged defamatory statements to Yopp, Plaintiff has not stated a defamation claim against him.

<u>CONCLUSION</u>

For these reasons, Plaintiff has not adequately pleaded defamation or § 1983 claims against Defendant Yopp. IT IS HEREBY ORDERED that Defendant's motion to dismiss (ECF No. 20) is GRANTED and Plaintiff's claims against Defendant Yopp are DISMISSED WITHOUT PREJUDICE to Plaintiff's ability to file a motion to amend his complaint to correct his pleading deficiencies.

Dated: January 9, 2024                s/George Caram Steeh
                                      Hon. George Caram Steeh
                                      United States District Judge