UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MENGE,

    Plaintiff,

v.

CITY OF HIGHLAND PARK,
*et al.*,

    Defendants.
_____/

Case No. 23-11339

Hon. George Caram Steeh

OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 39)

Before the court is a motion for judgment on the pleadings filed by the City of Highland Park, Shannaine Robinson, Temeka Manica, Ika Uela Martin, and Jamal K. Thomas. This motion is not joined by Defendant Khursheed Ash-Shafii. For the reasons explained below, Defendants' motion is granted.

BACKGROUND FACTS

Plaintiff Brian Menge, a former Highland Park police detective, filed this action against the City of Highland Park and City Council members Khursheed Ash-Shafii, Shannaine Robinson, Temeka Manica, Ika Uela Martin, and Jamal K. Thomas, individually and in their official capacities.

Plaintiff alleges that Defendants retaliated against him for filing a previous lawsuit against the City, which settled. *See* Case No. 21-10152 (E.D. Mich.). At a city council meeting on April 3, 2023, the Defendant council members allegedly made defamatory statements about Plaintiff, including that he was fired and stole forfeiture funds from the Highland Park Police Department. The meeting was broadcast on television, radio, and the internet.

A video of a portion of the meeting was filed with the court. In the video, council member Ash-Shafii said that he opposes "bringing back" an officer who sued the City. This officer was "caught stealing from the forfeiture fund." Ash-Shafii stated that "if you watch the police and fire commission meeting about a week and a half ago, you'll know" who it is. He said that the officer "was no good then, and no good now" and he's "against bringing him back here." Mayor Glenda McDonald asked Ash-Shafii if he had any evidence that "Mr. Menge" was stealing from the forfeiture fund, and Ash-Shafii replied that "I have evidence of that" and "it was given to me by the former administration, if you'd like to have it." McDonald asked for Ash-Shafii to provide her with the evidence, stating that he was making "an accusation that could get us sued, because you accused a man of stealing without any evidence." The segment ends with

Ash-Shafii agreeing to provide McDonald evidence to support his statements.

Plaintiff contends that Ash-Shafii's statements are false and that he twice demanded that the City and councilmembers retract the false statements, but that they did not do so. Plaintiff's complaint alleges claims of defamation, First Amendment retaliation, and a violation of the Fourteenth Amendment against Defendants. The defendant city council members (except for Ash-Shafii) and the City seek dismissal.

## LAW AND ANALYSIS

### I. Standard of Review

Defendants bring their motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal

theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

When ruling on a motion to dismiss, the court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Public records include materials such as video recordings of city council meetings. *Tollbrook, LLC v. City of Troy*, No. 17-CV-11417, 2018 WL 339900, at *5 (E.D. Mich. Jan. 9, 2018), *aff'd*, 774 Fed. Appx. 929 (6th Cir. 2019). In accordance with these standards, the court will consider the video excerpt of the council meeting, but not the additional materials submitted by the parties, such as deposition transcripts.

II. <u>Defamation</u>

"The elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special

harm (defamation per se) or the existence of special harm caused by publication." *Mitan v. Campbell*, 474 Mich. 21, 24 (2005).

Although Plaintiff generally alleges that the "Defendant members of the city council" made false statements about him at the meeting, the video demonstrates that only Ash-Shafii made statements about him. Plaintiff has not identified any allegedly false statement made by Shannaine Robinson, Temeka Manica, Ika Uela Martin, or Jamal K. Thomas. Therefore, Plaintiff cannot state a defamation claim against them.

In addition, to the extent Plaintiff is seeking to assert a defamation claim against the City of Highland Park, the city is entitled to governmental immunity under Michigan's governmental tort liability act, M.C.L. § 691.1401 *et seq. See Mack v. City of Detroit*, 467 Mich. 186, 195 (2002) (a "governmental agency is immune unless the Legislature has pulled back the veil of immunity and allowed suit by citizens against the government").[1] Plaintiff has not pleaded that an exception to governmental immunity applies. *Id.* at 203 ("[A] party suing a unit of government must plead in

---

[1] The Michigan Legislature has provided for exceptions to immunity under limited circumstances not relevant here, involving highways, motor vehicles, public buildings, state hospitals, and sewage system events. *See Lash v. City of Traverse City*, 479 Mich. 180, 194-95 n. 33 (2007).

avoidance of governmental immunity."). Accordingly, Plaintiff has not stated a defamation claim against the moving Defendants.

    III.    <u>First Amendment Retaliation</u>

In order to establish a First Amendment retaliation claim, Plaintiff must allege that "(1) he engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by his protected conduct." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 255 (6th Cir. 2006) (citation omitted). Defendants argue that defamation does not give rise to a First Amendment claim. *See Siegert v. Gilley*, 500 U.S. 226, 233, 111 S. Ct. 1789, 1794, 114 L. Ed. 2d 277 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). However, defamation may constitute an "adverse action" in the context of a First Amendment *retaliation* claim. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 726 (6th Cir. 2010) ("Defamatory statements motivated in part by a person's exercise of their First Amendment rights can be, but are not always, legally sufficient standing alone for a claim of adverse action under the framework of this Circuit.").

Nonetheless, Plaintiff has not identified an adverse action taken by Shannaine Robinson, Temeka Manica, Ika Uela Martin, or Jamal K. Thomas. He does not allege that these defendants made defamatory statements about him. Accordingly, Plaintiff has not stated a First Amendment retaliation claim against the individual defendants. *See Jane Doe v. Jackson Loc. Sch. Dist. Bd. of Educ.*, 954 F.3d 925, 934 (6th Cir. 2020) (a § 1983 plaintiff must plead "that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Defendants also argue that Plaintiff's municipal liability claim should be dismissed. For the City to be held liable under § 1983, the constitutional violation must have been caused by a municipal policy or custom. *See Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2008) ("A municipality cannot be held liable *solely* because it employs a tortfeasor.") (citation omitted). To plead a municipal liability claim under § 1983, a plaintiff must allege "(1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright*, 753 F.3d at 660 (citation omitted). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the

municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

"There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Municipal liability may attach when "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483-84.

Plaintiff alleges that the city councilmembers made a collective decision not to retract or correct the false statements that Ash-Shafii made about him, in retaliation for filing his lawsuit, and this collective decision represents City policy. *See* ECF No. 1 at ¶¶ 39-42. Assuming that the city council is the final decisionmaker, Plaintiff does not allege that it took any

official action, which would require the vote of at least three councilmembers. Highland Park City Charter 5-3(f) ("The concurrence of at least three City Council members shall be required for any official action of the City Council. . . ."). Plaintiff does not allege that the council voted to take any action regarding the statements made by Ash-Shafii, and he does not allege any other mechanism by which councilmembers acted to create City policy.[2]

To the extent Plaintiff alleges that the council's *inaction* represents City policy, he has not pleaded the elements of such a claim. To state a municipal liability claim under an "inaction" theory, a plaintiff must allege:

> (1) "a clear and persistent" pattern of unconstitutional conduct by municipal employees; (2) the municipality's "notice or constructive notice" of the unconstitutional conduct; (3) the municipality's "tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction"; and (4) that the policy of inaction was the "moving force" of the constitutional deprivation, such that the plaintiff's constitutional injury was directly caused by the conduct of the municipality rather than simply by the conduct of the municipal employee.

---

[2] In his response brief, Plaintiff contends that he was not re-hired as a police officer in retaliation for his prior lawsuit. This allegation is not contained in the complaint. In any event, Plaintiff does not allege that the council made any decision or took any vote regarding his employment.

*D'Ambrosio v. Marino*, 747 F.3d 378, 387-88 (6th Cir. 2014) (citations omitted). Plaintiff has not alleged a pattern of unconstitutional conduct by City employees, as required to support an inaction theory of liability.

Plaintiff also argues that liability is appropriate under a state-created danger theory. This theory has no applicability to this case. It is an exception to the general rule that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989); *see also Jones v. Reynolds*, 438 F.3d 685, 690 (6th Cir. 2006). A state-created danger claim requires, among other elements, "an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party." *Jones*, 438 F.3d at 690. The facts alleged here are not within the same ballpark.

In sum, Plaintiff has not sufficiently alleged that the City has a policy or custom of retaliating against successful litigants. He has not plausibly alleged a First Amendment retaliation claim against the City or the individual councilmembers.

IV.   Due Process

The complaint also alleges that Defendants deprived Plaintiff of a liberty interest secured by the Fourteenth Amendment's due process clause. Defendants argue that Plaintiff cannot state a claim because "reputation alone is not a constitutionally protected liberty or property interest." *Smith v. City of Toledo, Ohio*, 13 F.4th 508, 521 (6th Cir. 2021). Plaintiff has not responded to this argument or otherwise articulated the deprivation of a liberty or property interest, as required to plead a Fourteenth Amendment due process claim. *See Quinn v. Shirey*, 293 F.3d 315, 319-23 (6th Cir. 2002) (stating requirements for bringing a due process claim based upon reputational damage). The court therefore considers this claim to be abandoned. *See Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) (party "abandoned . . . claims by failing to raise them in his brief opposing the government's motion to dismiss the complaint"); *Cruz v. Cap. One, N.A.*, 192 F. Supp.3d 832, 838 (E.D. Mich. 2016) ("A plaintiff abandons undefended claims.").

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for judgment on the pleadings is GRANTED.

Dated: June 27, 2024

s/George Caram Steeh  
HON. GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 27, 2024, by electronic and/or ordinary mail.

s/LaShawn Saulsberry  
Deputy Clerk